IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

WENDY MIKELL,

    Plaintiff,

v.

LOUIS DEJOY,

    Defendant.

CIVIL ACTION NO.: 5:24-cv-39

**O R D E R**

Defendant filed a Motion to Stay.  Doc. 21.  Plaintiff filed a Response, opposing a stay. Doc. 23.  Defendant filed a Reply.  Doc. 26.  For the following reasons, the Court **GRANTS** Defendant's Motion to Stay.  This stay will be automatically lifted upon the issuance of a Court order ruling on Defendants' motion to dismiss.  The Court further **DIRECTS** the parties to confer within 14 days of a ruling on Defendant's motion to dismiss and then submit their Rule 26(f) report 7 days after their conference for any remaining claims.

Plaintiff filed a Complaint on June 4, 2024.  Doc. 1.  Defendant filed a motion to dismiss, accompanied by a motion to stay.  Docs. 9, 10.  I granted the motion to stay as unopposed. Doc. 11.  Plaintiff then filed the Amended Complaint on October 4, 2024, mooting the pending motion to dismiss.  Docs. 15, 18.  Defendant filed a second motion to dismiss, accompanied by the instant Motion to Stay.  Docs. 20, 21.  Plaintiff opposes both of Defendant's motions.

Plaintiff alleges Defendant violated Tile VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, through unlawful employment discrimination.  Doc. 15.  Plaintiff, an employee with the United States Postal Service, argues she was placed on "emergency placement" multiple times

because her racial identity as a white woman differed from that of her supervisor and coworkers. Id. at 9. Plaintiff also contends she was subject to harassment in the workplace on account of her race. Id. at 9–10.

Defendant moves for dismissal, alleging that Plaintiff's claims are "untimely and duplicative" or "fail to state a claim for relief." Doc. 20 at 1. In the accompanying Motion to Stay, Defendant argues "engaging in discovery and discovery-related activities would burden the resources of both Plaintiff and Defendant and could require discovery into claims ultimately dismissed." Doc. 21 at 1. Plaintiff argues in response a stay would result in harm because it would necessarily result in prejudice and the passage of time may make it more difficult to locate key witnesses and evidence. Doc. 23 at 8. Defendant, in reply, notes the pending motion to dismiss "presents purely legal questions." Doc. 26 at 1. Defendant also argues Plaintiff's assertions of harm are conclusory and not specific. Id.

The Court has broad discretion when deciding whether to issue a stay of discovery. Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017). Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a motion to dismiss before discovery begins to avoid unnecessary costs to the parties. Carapella v. State Farm Fla. Ins. Co., No. 8:18-CV-2396-T-36, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997). For these reasons, this Court and other courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama v. Mazda Motor Corp., 123 F.3d

1353, 1368 (11th Cir. 1997) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")); Berry v. Canady, No. 2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].")).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion." Chudasama, 123 F.3d at 1367.

Defendant has met his burden in showing a stay is appropriate.  While a ruling on the motion to dismiss is a decision for the District Judge, a "preliminary peek" reveals Defendant's motion is not wholly lacking in merit and, if granted, the motion would entirely dispose of the case.  In the event of a partial dismissal, a stay would potentially limit the extent and scope of discovery.  Defendant also argues that no additional factual development is necessary to resolve the pending motion to dismiss, and Plaintiff does not dispute this.  Doc. 21 at 2–3.

Plaintiff argues against a stay, noting that delaying discovery would cause harm.  Doc. 23 at 8.  Plaintiff does not, however, specify how granting a stay would contribute to that harm outside of general arguments surrounding inherent prejudice and difficulties created by the passage of time.  Id.  In the absence of any articulable harm, a stay will allow the Court to

evaluate Defendant's motion and Plaintiff's response before proceeding with discovery that may be unnecessary.

For these reasons, the Court **GRANTS** Defendant's Motion to Stay Discovery. This stay will be automatically lifted upon the issuance of a Court order ruling on Defendant's motion to dismiss. Should the case remain pending, the Court **DIRECTS** the parties to confer within 14 days of a ruling on Defendant's motion to dismiss and then submit their Rule 26(f) report within 7 days after their conference.

**SO ORDERED**, this 12th day of December, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA