# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

WENDY MIKELL,

    Plaintiff,

v.                                5:24-CV-39

LOUIS DEJOY, Postmaster General, U.S. Postal Service,

    Defendant.

## ORDER

Before the Court is Defendant's motion to dismiss Plaintiff's amended complaint. Dkt. No. 20. Plaintiff opposes the motion, dkt. nos. 22, 28, and now moves, though improperly, for leave to file a second amended complaint, dkt. nos. 22 at 6 n.1. For the reasons below, the Court **GRANTS** Plaintiff's motion to amend her complaint a second time and **DENIES as moot** Defendant's motion to dismiss.

## LEGAL STANDARD

A party may amend its pleading once as a matter of course "within 21 days after serving it" or, "if a responsive pleading is required, within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f) [of the Federal Rules of Civil Procedure], whichever is earlier." Fed. R. Civ. P. 15(a)(1). After that point, a party can amend its pleading only with written consent from the opposing party or the Court's leave. Fed. R. Civ.

P. 15(a)(2). Importantly, the Court "should freely give leave when justice so requires." Id. An amended pleading "supersedes the former pleading" such that "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (internal quotation marks and citation omitted); see also Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint." (citations omitted)).

## DISCUSSION

Plaintiff initiated this employment action against the Postmaster General of the United States, Louis DeJoy, on June 4, 2024. Dkt. No. 1. Defendant moved to dismiss Plaintiff's complaint. Dkt. No. 9. Rather than filing a brief opposing the motion, Plaintiff filed an amended complaint as a matter of course pursuant to Rule 15(a)(1), thereby mooting the motion to dismiss. Dkt. Nos. 15, 18; see also Dkt. Nos. 12, 13, 16. Defendant now moves to dismiss the amended complaint, dkt. no. 20, and Plaintiff moves for leave to amend her complaint a second time, dkt. no. 22 at 6 n.1.

The proper method for requesting leave to amend the operative complaint is to file a motion that "set[s] forth the substance of the proposed amendment or attach[es] a copy of the proposed

2

amendment." Burgess v. Religious Tech. Ctr. Inc., 600 F. App'x 657, 665 (11th Cir. 2015) (citing Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999)); see also Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (internal citation and quotation omitted)). Plaintiff disregarded this clearly defined process and instead requested permission to file a second amended complaint in a footnote of her brief in response to Defendant's motion to dismiss. Dkt. No. 22 at 6 n.1. While the Court admonishes Plaintiff for her failure to properly raise her motion, the Court will nevertheless address the merits thereof.

Plaintiff seeks permission to amend her complaint to include a "Notice of Proposed Removal" as evidence of "Defendant's discrimination and creation of a hostile work environment." Dkt. No. 22 at 6 n.1. The Notice was issued by the United States Postal Service as a letter informing Plaintiff of the "proposed adverse action" to "remove [her] from the Postal Service," i.e. terminate her employment. Dkt. No. 22-1 at 1. Importantly, Plaintiff avers that she did not receive the Notice until roughly one week after filing her first amended complaint on October 4, 2024. Id.; see also Dkt. No. 15. This is evidenced by the Notice itself, which is dated October 10, 2024. Dkt. No. 22-1 at 1. As such, Plaintiff's request to amend does not appear to be the result of a failure to

3

cure a known deficiency, bad faith, dilatory motive, or undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962). Accordingly, even though Plaintiff failed to follow proper procedure—an error that will not be overlooked again—the Court concludes that the interest of justice is best served here by allowing Plaintiff another opportunity to amend her pleading. See Fed. R. Civ. P. 15(a)(2) (providing that leave to amend should be "freely given" when "justice so requires"). Plaintiff's motion, dkt. no. 22, is therefore **GRANTED**.

The Court cautions Plaintiff that this is, almost surely, her last opportunity for amendment. Thus, Plaintiff should take care to ensure that any claim(s) set forth in the second amended complaint comply with the pleading requirements of the Federal Rules of Civil Procedure. See, e.g., Fed. R. Civ. P. 10(b); Fed. R. Civ. P. 10(c); Fed. R. Civ. P. 8. Moreover, the Court not only expects, but requires, compliance with the appropriate procedural mechanisms moving forward.

Because the Court grants Plaintiff's request to amend her complaint, Defendant's motion to dismiss the first amended complaint, dkt. no. 20, is **DENIED as moot**. Should Defendant wish to renew his motion to dismiss with regard to the second amended complaint, the Court grants leave to do so within the time prescribed by the Federal Rules of Civil Procedure.

## **CONCLUSION**

Plaintiff's motion for leave to amend, dkt. no. 22 at 6 n.1, is **GRANTED**. In turn, Defendant's motion to dismiss the amended complaint, dkt. no. 20, is **DENIED as moot**. Plaintiff is **ORDERED** to file a second amended complaint, as directed above, within **twenty (20) days** of the date of this Order, and the motion hearing scheduled for February 24, 2025 is **CANCELED**.

**SO ORDERED**, this 14th day of February, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA